UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

GONZALES LAMERAN LAZARO, # 024794136

    Petitioner,

v.                                                                 Civil Action No. 2:20-cv-00198

JEFFERY CRAWFORD, et al.,

    Respondents.

## REPORT AND RECOMMENDATION

Petitioner Gonzales Lameran Lazaro, an immigration detainee, filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. This case was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B)–(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Because the Petitioner's claim is moot, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss be **GRANTED** and that the Petitioner's habeas Petition be **DENIED** and **DISMISSED**.

## I. STATEMENT OF THE CASE

Lazaro filed a Petition for a Writ of Habeas Corpus on April 21, 2020, seeking relief from his ongoing detention of greater than 90 days, pending deportation to his country of citizenship, Cuba. ECF No. 1 at 2. Lazaro asserted in his Petition that his removal to Cuba was not reasonably foreseeable. ECF No. 1 at 7. On August 17, 2020, Lazaro filed an Amended Petition challenging his ongoing detention and noting that his detention had now exceeded 180 days. ECF No. 5 at 2. The Amended Petition also asserted that removal to Cuba was not reasonably foreseeable and sought Lazaro's "immediate release from detention" and asked for no other

remedy or relief. ECF No. 5 at 7–8. On August 26, 2020, Lazaro was released from detention, subject to an order of supervision. ECF No. 10 attach. 1 at 3.

In response to the Petition, Respondent filed a Motion to Dismiss, and memorandum in support, and notified Lazaro that he was able to oppose the Motion to Dismiss and the consequences of his failure to do so. ECF Nos. 9-11; *see Roseboro v. Garrison*, 528 F.3d 309 (4th Cir. 1975). Lazaro did not file a response. ECF No. 12.

## II. ANALYSIS

The issue in Lazaro's habeas petition is moot as there remains no case or controversy due to Lazaro's release from detention. Article III of the U.S. Constitution limits the jurisdiction of federal courts to the adjudication of actual cases and controversies. U.S. Const. art. III, § 2, cl. 1. The requirement of ongoing controversy extends throughout the pendency of the action. *J.W. v. Knight*, 452 F. App'x 411, 414 (4th Cir. 2011) (citing *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). "'[A] case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *J.W.*, 452 F. App'x at 414 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Finally, a case can become moot due to a change in the facts or in the law. *J.W.*, 452 F. App'x at 414 (citing *Ross v. Reed*, 719 F.2d 689, 693–94 (4th Cir. 1983)).

In this case, Lazaro's habeas etition is moot due to a change in the facts. Specifically, he sought release from detention pending deportation. As stated above, Lazaro was released from detention under supervision. "Where, as here, a petitioner does not challenge the legality of his removal order but rather only seek[s] release from ICE custody pending his removal, courts have held that the petitioner's deportation or release from custody moots the petition." *Castillo-Fornaris v. Crawford*, No. 3:19CV862, 2020 WL 4227701, at *2 (E. D. Va. July 23, 2020)

(quoting *Diawara v. Sec'y of DHS*, No. AW-09-2512, 2010 WL 4225562, at *2 (D. Md. Oct. 25, 2010)); *see Ishola v. Mukasey*, No. PJM-08-1363, 2008 WL 7697071, at *1 (D. Md. Aug. 12, 2008) (finding that petitioner's § 2241 petition challenging continued detention pending removal was moot because petitioner had been released from ICE custody under supervision). As a result of Lazaro's release, the claims in his petition have thus been rendered moot.

There are two possible exceptions to the mootness doctrine: (1) "'collateral consequences;' and (2) matters 'capable of repetition, yet evading review.'" *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986) (quoting *Carafas v. LaVallee*, 391 U.S. 234, 237). Neither of these exceptions apply to Lazaro's claim. Because Lazaro challenged only his continued detention beyond 180 days, ECF No. 5 at 7–8, his subsequent release from custody gives rise to no collateral consequences which his petition could address. *Carafas*, 391 U.S. at 237 (defining collateral consequences as "disabilities or burdens" which may flow from petitioner's conviction after the satisfaction of his sentence, or in this case from petitioner's detention after he has been released). Further, although Lazaro could be returned to custody if he violates the conditions of his release, ECF No. 10 attach. 1 at 5, this does not mean that the wrong is "capable of repetition, yet evading review." A petitioner cannot meet his burden to show that a wrongful detention is "capable of repetition" by the mere possibility that he may violate the conditions of his release and be returned to custody. *Incumaa v. Ozmint*, 507 F.3d 281, 288–89 (4th Cir. 2007). Because neither of the mootness doctrine exceptions apply, Lazaro's § 2241 habeas petition is moot.

### III. RECOMMENDATION

Because Lazaro has been released from detention under supervision and there remains no case or controversy, his claim in this habeas Petition is moot. Accordingly, the undersigned

**RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 9, be **GRANTED** and that Lazaro's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, ECF No. 5, be **DENIED** and **DISMISSED** as moot.

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A district judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to timely file specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Order to the Petitioner, and counsel of record for the Respondent.

It is so **ORDERED**.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
June 22, 2021